# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2012

Lyle W. Cayce
Clerk

No. 11-51215
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN TORRES-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-180-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Torres-Flores (Torres) appeals the 65-month sentence imposed by the district court following his guilty plea conviction of illegal reentry of the United States following removal. He first argues that the sentence, which was an upward variance from the advisory guideline range, was procedurally unreasonable because the district court did not provide a sufficient explanation and gave no prior notice that it was considering an upward variance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38 (2007), we engage in a bifurcated review process of the sentence imposed by the district court. *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). We first "ensure that the district court committed no significant procedural error, such as . . . failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall* 552 U.S. at 51. If there is no procedural error or the error is harmless, we may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Delgado-Martinez*, 564 F.3d at 751-53.

When imposing a variance, after determining the proper sentence based upon the § 3553(a) factors, the district court is required only to "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. The district court made clear that it had determined that a variance from the guideline range was warranted because Torres was a danger to the public and that deterrence was required. The district court noted in this regard that Torres had a previous conviction for attempted kidnaping as well as two convictions for burglary of a building and that Torres had been deported on three occasions. In view of the foregoing, the district court adequately explained its sentence, *see id.*, and Torres has not shown error. Torres's contention that the district court procedurally erred by varying from the guideline range without providing prior notice is without merit. *See Irizarry v. United States*, 553 U.S. 708, 716 (2008).

Torres also contends that his sentence was excessive. He asserts that the same convictions that were used to calculate his criminal history and his offense level were cited by the district court to justify the upward variance. In reviewing the substantive reasonableness of the sentence, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range"

and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

In imposing an upward variance, it was not unreasonable for the district court to rely on factors that were already accounted for in the guideline range. *See United States v. Williams*, 517 F.3d 801, 811 (5th Cir. 2008). Torres's argument does not show that the district court's non-guidelines sentence unreasonably failed to reflect the statutory sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Rather, his complaints amount to a mere disagreement with the weight the district court gave to the various sentencing factors and thus are insufficient to warrant reversal. *See Gall*, 552 U.S. at 51. Torres has not shown that the 65-month sentence, which was eight months above the upper end of the advisory guideline range, was substantively unreasonable.

AFFIRMED.